## INTERNATIONAL GUARANTY THRIFT SYNDICATE v. FOLEY.

### No. 1187.

Court of Civil Appeals of Texas. Eastland.

Dec. 8, 1933.

Rehearing Denied Jan. 5, 1934.

Turner, Seaberry & Springer, of Eastland, for appellant.

J. D. Barker, of Cisco, for appellee.

HICKMAN, Chief Justice.

Appellee, T. Hunter Foley, was the owner of 50 shares of installment stock of the Home Building & Loan Association of Midland, Tex., having a withdrawal value of $150. Appellant purchased all the assets of said association, whereby it became liable to pay to the several stockholders thereof upon demand the withdrawal value of their stock. The present suit was instituted by appellee against appellant in the justice's court to recover $150, with interest, as the withdrawal value of the stock owned by him. From a judgment in that court awarding him a recovery in accordance with his petition, the appellant perfected an appeal to the county court, where the case was tried de novo before the court without a jury, resulting, as in the justice's court, in a judgment in favor of appellee. The recovery in the county court was for a less amount of interest than that awarded in the justice's court, necessitating the taxing of costs against appellee. No findings of fact or conclusions of law were requested and none filed. It therefore becomes our duty to affirm the judgment of the court below if same has support in the record on any theory.

Two defenses were set up by appellant, viz.: (1) Accord and satisfaction, and (2) set-off. We need not here notice the first defense urged, for appellant's brief makes this frank and fair admission with reference thereto: "As the trial court has found in plaintiff's favor on this conflict in the testimony, defendant's first ground of defense has, therefore, been resolved against it."

347

The only question which we are called upon to consider is whether or not appellant, as a matter of law, established its right to offset an indebtedness claimed to be owing it by appellee against its liability to appellee for the withdrawal value of his stock. Upon this issue the burden of proof rested with appellant, and if it has failed to discharge that burden, and has failed to establish its right to the offset by undisputed testimony, the judgment of the trial court should be affirmed.

Appellant's claim of right to offset is based upon these facts:

Appellee was secretary of the Home Building & Loan Association of Midland, Tex., and had a contract with that association by the terms of which he was obligated to pay all its operating expenses. Appellant purchased all of the assets of said association, including its choses in action. There was a shortage of more than $500 in the cash account of the association. Appellant claimed that this shortage was for operating expenses which appellee was bound by his contract to pay. It predicated its claim against appellee upon the theory that he was indebted to its assignor on account of this shortage, and, therefore, indebted to appellant, which succeeded to all of its assignor's rights. We have considered the statement of facts in an effort to determine whether or not it discloses how this shortage arose, and have arrived at the conclusion that it fails to furnish this information. There is some hearsay testimony in the record which would indicate that it arose from overpayment of the assistant secretary's salary. We cannot consider this hearsay testimony as evidence; but, even if there should be some evidence of this fact, not properly denominated as hearsay, no right is thereby shown to recover against appellee on that account. It is true that appellee testified that one of the items of operating expense contracted to be borne by him consisted of the assistant secretary's salary, but other testimony in the record discloses that the assistant secretary was employed by the association, to which he was under bond; that, under the contract between the parties, the assistant secretary was to receive no salary except from fees, and not any at all until after all of the other expenses of operation were paid. Appellee's contract to pay this salary did not, therefore, create any personal obligation against him. He never appropriated any of these fees to his own use, or to the payment of the salary of the assistant secretary. Appellant's right is no greater than that of its assignor, and certainly the assignor would have no cause of action against appellee because of salary paid by it to its assistant secretary, when there was nothing due him as salary. If the association overpaid its assistant secretary, such overpayment could not be classified as operating expense, for which appellee was liable.

The most direct and specific testimony found in the record concerning the deficiency was given by appellant's witness Zimmers, as follows:

"Q. What items was that deficiency spent for, did you know? A. Well, there were a bunch of accrued expenditures, I don't know what all, other than that Mr. Whitehead informed me that they were paying all outstanding bills at that time, which reduced their cash, among them was printing and things of that kind.

"Q. You have not paid any printing bills have you? A. Yes, one bill.

"Q. How much was it? A. It was $12.60."

That testimony, standing alone, might warrant an offset to the extent of $12.60, but for the fact that appellee testified that sufficient fees were collected to pay all these bills, and that he received none of them. That clearly presented an issue of fact which was resolved by the lower court in favor of appellee.

Viewing this record as a whole, we think appellant wholly failed to establish by any competent evidence what specific items went into this deficiency, and we also think that it failed to establish that this deficiency, from whatever source it may have arisen, was chargeable to appellee under the terms of his contract with the Home Building & Loan Association of Midland. The trial court has resolved the facts against appellant, and there would be no warrant for us to disturb its finding.

The judgment of the trial court will, accordingly, be affirmed.